1

2    **WO**

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

Jason Dee Draper,                    )    No. CV 13-8040-PCT-RCB (JFM)
9                                     )
              Plaintiff,              )              **O R D E R**
10                                    )
       vs.                           )
11                                   )
Scott Mascher, et al.,               )
12                                   )
              Defendants.            )
13   _____)

14         Plaintiff Jason Dee Draper, who is confined in the Arizona State Prison Complex,

15   Dakota Unit, in San Luis, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42

16   U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  Plaintiff has also filed a

17   motion for the appointment of counsel. (Doc. 4.)  The Court will dismiss the Complaint with

18   leave to amend and deny the motion.

19   **I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

20         Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

21   § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

22   The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

23   fee will be collected monthly in payments of 20% of the previous month's income each time

24   the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

25   separate Order requiring the appropriate government agency to collect and forward the fees

26   according to the statutory formula.

27   **II.   Statutory Screening of Prisoner Complaints**

28         The Court is required to screen complaints brought by prisoners seeking relief against

a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

1   should not, however, advise the litigant how to cure the defects.  This type of advice "would

2   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

3   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

4   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

5   for failure to state a claim, but because the Complaint may possibly be saved by amendment,

6   the Court will dismiss the Complaint with leave to amend.

7   **III.    Complaint**

8       Plaintiff alleges ten counts for denial of access to the court, violation of his free

9   exercise rights, unconstitutional conditions of confinement, threat to safety, excessive force,

10  violation of due process in disciplinary proceedings, and retaliation.  Plaintiff sues Yavapai

11  County Sheriff Scott Mascher; Yavapai County Sheriff's Office (YCSO) Sergeant Peel;

12  YCSO Detention Officer (DO) D. Roberts and Colvin; Dr. Wilkenson of Wexford Health

13  Industries, the health care provider at the Jail, and Detention Officers John Doe 1-4.  Plaintiff

14  also sues Yavapai County Attorney Sheila Polk and the Yavapai County Board of

15  Supervisors.  Plaintiff seeks injunctive, compensatory, and punitive relief.

16      Plaintiff designates Count I as a claim for denial of access to the court.  He asserts that

17  Mascher promulgated a policy of not providing legal supplies to indigent inmates, including

18  civil rights forms, copies of filings, and access to a paralegal or law library.  Plaintiff asserts

19  that such policy was made under the guidance of County Attorney Polk and ratified by the

20  Yavapai County Board of Supervisors.

21      Plaintiff designates Count II as a claim for violation of his religious exercise rights.

22  Plaintiff alleges that Mascher violated his religious exercise rights by failing to make

23  Jehovah's Witness materials available to him.  He also asserts that he was denied access to

24  a vegetarian diet, which he claims was his "own personal choice" as part of his religious

25  beliefs.  (Doc. 1 at 4.)

26      In Count III, Plaintiff alleges that Roberts and Does 1-4 placed him in an unsanitary

27  "dry cell," i.e., a cell without running water, for 24 hours without being given hand sanitizer,

28  followed by an additional 12 hours without access to cleaning supplies.  Plaintiff asserts

these Defendants' actions were undertaken pursuant to a retaliatory policy promulgated by Mascher under the supervision of County Attorney Polk and ratified by the Yavapai County Board of Supervisors.

In Counts IV and IX, Plaintiff alleges that Does 1-4 and Roberts used "severe threats and intimidation" on November 15, 2012, when they flashed laser lights in front of Plaintiff's face, while he was fully restrained, and threatened to shoot him with a tazer if he moved a muscle. Plaintiff asserts that they did so pursuant to a policy promulgated by Mascher. In Count IX, Plaintiff also asserts that the acts of Does 1-4 and Roberts were intended to discourage him from using the Jail's grievance process.

In Count V, Plaintiff alleges that on December 8-10, 2012, a Yavapai County Jail nurse gave him Prozac rather than prescribed psychiatric medications. Plaintiff contends that the nurse did so due to a lack of supervision by Dr. Wilkenson and pursuant to a policy of deliberate indifference to safety and medical needs promulgated by Sheriff Mascher.

In Count VI, Plaintiff alleges that Roberts used excessive force against Plaintiff on November 15, 2012, when Roberts threatened and intimidated Plaintiff for requesting a grievance form or to see a sergeant or lieutenant, before Plaintiff had returned a meal tray. Plaintiff asserts that Mascher promoted a policy of retaliation to hinder or discourage pretrial detainees.

In Count VII, Plaintiff alleges that Sheriff Mascher violated Plaintiff's Eighth Amendment rights by promulgating a policy regarding recreation in the Jail and "by holding [Plaintiff] in Administrative Segregation for 80 days without any type of outdoor recreation." (Doc. 1 at 5D.) Plaintiff further asserts that he was never "offered" outside recreation while he was in Unit 5 SMU at the Camp Verde Jail. (Id.)

In Count VIII, Plaintiff alleges that Sheriff Mascher promulgated a policy designed to deny pretrial detainees the ability to appeal disciplinary actions against them. He further asserts that he lacked the means to "voice" his concerns about conditions. (Id. at 5E.) He alleges that he was twice placed in Administrative Segregation, "ASSP once," nutriloaf twice, and sanctions numerous times. (Id.) He further contends that Sergeant Peel, the

1   classification officer, violated his rights by holding him in Administrative Segregation for

2   7-8 days longer than the 30-day review without holding a hearing.  Plaintiff again asserts that

3   these acts were pursuant to a policy of retaliation promulgated by Mascher under the

4   guidance of County Attorney Polk and ratified by the Yavapai County Board of Supervisors.

5       Finally, in Count X, Plaintiff alleges that DO Colvin, who was a grievance officer,

6   "made the [grievance] process unavailable . . . by avoidance" and by telling Plaintiff that

7   issues he wished to grieve were not grievable.  (Id. at 5G.)  Plaintiff generally asserts that

8   Colvin never gave him access to the grievance process.

9   **IV.   Failure to State a Claim**

10      To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

11  conduct about which he complains was committed by a person acting under the color of state

12  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

13  Outlander, 879 F.2d 583, 587 (9th Cir. 1989).  Negligence is not sufficient to state a claim

14  under § 1983.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  In addition, a plaintiff

15  must allege that he suffered a specific injury as a result of the conduct of a particular

16  defendant and he must allege an affirmative link between the injury and the conduct of that

17  defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

18      Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply

19  conclusions, that show that an individual was personally involved in the deprivation of his

20  civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

21  to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

22  a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188

23  (9th Cir. 2001).  In addition, there is no *respondeat superior* liability under § 1983, so a

24  defendant's position as the supervisor of someone who allegedly violated a plaintiff's

25  constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658,

26  691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his

27  individual capacity, "is only liable for constitutional violations of his subordinates if the

28  supervisor participated in or directed the violations, or knew of the violations and failed to

act to prevent them."  Taylor, 880 F.2d at 1045.  In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Proctor v. Applegate, 661 F.Supp.2d 743, 765 (W.D. Mich. 2009); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); see also Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

### A.     Mascher, Polk, Board of Supervisors, and Wilkenson

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Id.

In nearly every count, Plaintiff asserts that one or more Defendants, who were subordinates of Mascher, Polk, the Board, and/or Wilkenson, violated his constitutional rights.  In most of these counts, Plaintiff conclusorily asserts that such subordinate Defendants violated his constitutional rights pursuant to a policy promulgated by Mascher under the guidance of Polk and ratified by the Board.  In Count V, Plaintiff asserts that an unidentified nurse gave him Prozac instead of other psychiatric medications for three days due to Wilkenson's lack of supervision.

Plaintiff's allegations against Mascher, Polk, the Board, and Wilkenson are vague and conclusory.  Moreover, Plaintiff predicates his claims against these Defendants on *respondeat superior*.  As discussed above, liability under § 1983 may not be predicated on *respondeat superior*.  For these reasons, Plaintiff fails to state a claim against Defendants

1  Mascher, Polk, the Board, or Wilkenson and these Defendants, and Count V, will be

2  dismissed for failure to state a claim.

3      **B.    Does 1-4 and Roberts**

4      In Counts IV, VI, and IX, Plaintiff alleges that Does 1-4[1] and Roberts threatened and

5  intimidated him on November 15, 2012.  He designates Counts IV and VI as claims for use

6  of excessive force and Count IX as a claim for retaliation.

7      **1.    Excessive Force**

8      The Fourteenth Amendment Due Process clause, not the Eighth Amendment, protects

9  pretrial detainees from excessive force that amounts to punishment.  Gibson v. County of

10 Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002).  "[T]he Fourth Amendment sets the

11 'applicable constitutional limitations' for considering claims of excessive force during

12 pretrial detention."  Id. (quoting Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir.

13 1996).  However, the Fourth Amendment does not prohibit the use of reasonable force.

14 Tatum v. City & County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether

15 the force was excessive depends on "whether the officers' actions [were] 'objectively

16 reasonable' in light of the facts and circumstances confronting them, without regard to their

17 underlying intent or motivation."  Graham v. Connor, 490 U.S. 386, 397 (1989); Tatum, 441

18 F.3d at 1095; Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must

19

20     [1] Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include
   the names of the parties in the action.  As a practical matter, it is impossible in most instances
21 for the United States Marshal or his designee to serve a summons and complaint or amended
   complaint upon an anonymous defendant.  The Ninth Circuit has held that where identity is
22 unknown prior to the filing of a complaint, the plaintiff should be given an opportunity
   through discovery to identify the unknown defendants, unless it is clear that discovery would
23 not uncover the identities, or that the complaint would be dismissed on other grounds.
24 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti,
   629 F.2d 637, 642 (9th Cir. 1980)).  Where the names of individual defendants are unknown
25 at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants
26 as Defendant John (or Jane) Doe 1, John Doe 2, and so on, *and* allege facts to support how
   each particular Doe defendant violated the plaintiff's constitutional rights.  In this case,
27 Plaintiff fails to allege facts to support that any of the Doe Defendants violated a
28 constitutional right.

balance the nature and quality of the intrusion against the countervailing governmental interests at stake. <u>Graham</u>, 490 U.S. at 396; <u>Lolli</u>, 351 F.3d at 415.  Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

<u>Graham</u>, 490 U.S. at 396 (citations omitted).

In Counts VI and VI, Plaintiff alleges that Does 1-4 and/or Roberts used a tazer to threaten and intimidate him when Plaintiff refused to return a meal tray until he received a grievance form or saw a sergeant or lieutenant.  Plaintiff does not actually allege that Roberts, or anyone else, used force, much less facts to support that the force used was objectively unreasonable under the circumstances.  Indeed, Plaintiff indicates that he refused to comply with an order to return a meal tray.  Further, absent more, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]" <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (quoting <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979)); <u>Machin v. Costas</u>, No. Civ. 09-444, 2009 WL 3839325, at *15 (S.D. Cal. Nov. 16, 2009). Accordingly, Plaintiff fails to state a claim for use of excessive force against Roberts or Does 1-4 in Counts IV or VI.  Does 1-4, Roberts, and Counts IV and VI will be dismissed.

## 2.     Retaliation

Plaintiff designates Count IX as a claim for retaliation based on the same facts alleged in support of Counts IV and VI.  Plaintiff also repeatedly asserts in other counts that Mascher promulgated retaliatory policies.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>see also</u> <u>Hines v. Gomez</u>, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the

exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff fails to allege facts to support that any Defendant retaliated against him because he exercised his constitutional rights. That is, Plaintiff fails to allege the constitutional right exercised, when, where, and how, and facts to support that any Defendant retaliated against him based on such exercise. Instead, Plaintiff merely makes conclusory assertions that complained of acts were taken under an alleged policy promulgated by the Sheriff under the guidance of the County Attorney, and ratified by the Board without supporting facts. As discussed above, that is not sufficient to state a constitutional claim. Because Plaintiff fails to allege facts to support that the complained of acts by Does 1-4 and Roberts were retaliatory, he fails to state a claim in Count IX and it and Does 1-4 and Roberts will be dismissed.

### C.   Access to the Courts

Plaintiff designates Count I as a claim for denial of access to the courts.[2]   The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents.   Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration."). The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing

---

[2] As discussed above, Plaintiff fails to sufficiently allege facts to state a claim against Mascher, Polk, or the Board in any count and he fails to allege specific facts to support when, where, how, and by whom he denied indigent legal supplies or otherwise denied access to the court.

contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.  Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action.  Id. at 351-53.  That is, an inmate must establish that he suffered an "actual injury."  See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim."  Lewis, 518 U.S. at 348.  In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present.  Id. at 351-53.  A plaintiff "must identify a nonfrivolous, arguable underlying claim," and this underlying claim "must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).

In Count I, Plaintiff fails to allege facts to support that he suffered an actual injury. He clearly was able to file the instant civil right complaint.  Nor has Plaintiff identified a nonfrivolous arguable underlying claim.  For these reasons, Plaintiff fails to state a claim for denial of access to the court in Count I and it will be dismissed.

**D.   Religious Exercise**

Plaintiff designates Count II as a claim for denial of his religious exercise rights.  An inmate may bring a claim for violation of his religious exercise rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5, and the First Amendment.  RLUIPA prohibits the government from imposing a substantial burden on the religious exercise of an institutionalized person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1) - (2).  Therefore, to state a claim under RLUIPA, a plaintiff must allege facts to support that government action has substantially burdened the exercise of the plaintiff's religion without a compelling government interest and by the least restrictive means.  See Guam v. Gurerrero, 290 F.3d 1210, 1222 (9th Cir. 2002). "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise."  Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)

1  (quotations omitted).  Thus, an institutionalized person's religious exercise is substantially

2  burdened "'where the state . . . denies [an important benefit] because of conduct mandated

3  by religious belief, thereby putting substantial pressure on an adherent to modify his behavior

4  and to violate his belief.'"  Id.

5      In addition, "[i]nmates clearly retain protections afforded by the First Amendment,

6  including its directive that no law shall prohibit the free exercise of religion."  O'Lone v.

7  Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).

8  However, free exercise rights are "necessarily limited by the fact of incarceration, and may

9  be curtailed in order to achieve legitimate correctional goals or to maintain prison security."

10  Id.  To state a First Amendment free exercise claim, a plaintiff must allege that a defendant

11  substantially burdened his religious practice without a justification reasonably-related to

12  legitimate penological interests.  Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008); Malik v.

13  Brown, 16 F.3d 330, 333 (9th Cir. 1994); Warsoldier, 418 F.3d at 995 (citing Thomas v.

14  Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 717-18 (1981) (pressure on

15  exercise must be substantial)); Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998)

16  (same).  The religious practice or exercise at issue must be rooted in sincerely-held religious

17  belief and not in "'purely secular' philosophical concerns."  Malik, 16 F.3d at 333 (internal

18  citation omitted).

19      Plaintiff fails to allege when, where, or from whom he sought access to Jehovah's

20  Witness materials or religious services or who and how any such request was denied.  Indeed,

21  Plaintiff fails to allege facts to support that any Jail employee knew or should have known

22  that he sought such materials or religious services.  Similarly, Plaintiff fails to allege when,

23  where, how, or from whom he sought a vegetarian diet and the reasons, if any, why his

24  request was denied.  For these reasons, Plaintiff fails to sufficiently allege facts to state a

25  claim for violation of his religious exercise rights and Count II will be dismissed.

26  /      /      /

27      **E.     Conditions of Confinement**

28      In Counts III and VII, Plaintiff alleges that he was subjected to unconstitutional

1   conditions of confinement.  To state a claim for unconstitutional conditions of confinement,

2   a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the

3   minimal civilized measure of life's necessities" and that the defendant acted with deliberate

4   indifference to an excessive risk to inmate health or safety.  Allen v. Sakai, 48 F.3d 1082,

5   1087 (9th Cir. 1994) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see Estate of

6   Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must

7   allege a constitutional deprivation that is objectively "sufficiently serious" to result in the

8   denial of "the minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 834.

9   Whether conditions of confinement rise to the level of a constitutional violation may depend,

10  in part, on the duration of an inmate's exposure to those conditions.  Keenan v. Hall, 83 F.3d

11  1083, 1089, 1091 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).  A

12  plaintiff must also allege facts supporting that the jail official had a "sufficiently culpable

13  state of mind," i.e., that the official acted with deliberate indifference to inmate health or

14  safety.  Farmer, 511 U.S. at 834.  In defining "deliberate indifference," the Supreme Court

15  has imposed a subjective test, "the official must both be aware of the facts from which the

16  inference could be drawn that a substantial risk of serious harm exists, and he must also draw

17  the inference."  Id. at 837.  "'The circumstances, nature, and duration of a deprivation of []

18  necessities must be considered in determining whether a constitutional violation has

19  occurred.'"  Hearns v. Terhune, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting Johnson v.

20  Lewis, 217 F.3d 726, 731 (9th Cir. 2000)).

21      Plaintiff alleges that he was placed in a dry cell for 36 hours during which he lacked

22  access to a hand santizer for 24 hours and to cleaning supplies for an additional 12 hours.

23  Although not entirely clear, it appears that Plaintiff was placed in a dry cell because he had

24  violated jail rules or officials were concerned that he might otherwise pose a hazard to

25  himself or others.  In any event, Plaintiff only alleges that he was held in the dry cell for 36

26  hours and fails to allege facts to support that any Defendant acted with deliberate indifference

27  to a substantial risk of serious harm by holding him in the dry cell.  Accordingly, Plaintiff

28  fails to state a claim in Count III.

1    In Count VII, Plaintiff alleges that he was held in Administrative Segregation for 80

2    days during which he was not "offered" outside recreation.  Plaintiff fails to allege when,

3    where, or from whom he requested outside recreation or who denied him such recreation.

4    Plaintiff accordingly fails to state a claim for unconstitutional conditions in Count VII.

5    **F.    Disciplinary Proceedings**

6    Plaintiff designates Count VIII as a claim concerning disciplinary proceedings.  He

7    asserts that Sergeant Peel, a classification officer, violated his rights by holding him in

8    Administrative Segregation for 7-8 days longer than a 30-day review period without holding

9    a hearing.  Plaintiff also asserts that he lacked a means to voice his concerns about his

10   conditions.

11   A *pretrial detainee* has a substantive due process right against restrictions that amount

12   to punishment for a criminal offense.  Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir.

13   2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987); Bell v. Wolfish, 441 U.S.

14   520, 535 (1979); Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.1991)

15   (*en banc*)).  This right is violated if restrictions are "imposed for the purpose of punishment."

16   Bell, 441 U.S. at 535.  But jail officials are entitled to impose restrictions to effect

17   confinement, and detention will necessarily affect a detainee's ability to live as comfortably

18   as he might like; a *de minimis* level of imposition is permissible.[3]  Id. at 539 n.21.  Thus,

19

20   ────────────────

21   [3]  Thus:

     Not every disability imposed during pretrial detention amounts to

22   "punishment" in the constitutional sense, however.  Once the Government has

     exercised its conceded authority to detain a person pending trial, it obviously

23   is entitled to employ devices that are calculated to effectuate this detention.

     Traditionally, this has meant confinement in a facility which, no matter how

24   modern or how antiquated, results in restricting the movement of a detainee in

     a manner in which he would not be restricted if he simply were free to walk

25   the streets pending trial.  Whether it be called a jail, a prison, or a custodial

     center, the purpose of the facility is to detain.  Loss of freedom of choice and

26   privacy are inherent incidents of confinement in such a facility.  And the fact

     that such detention interferes with the detainee's understandable desire to live

27   as comfortably as possible and with as little restraint as possible during

     confinement does not convert the conditions or restrictions of detention into

28

1   unconstitutional punishment does not occur when the government imposes restrictions as part

2   of legitimate operational concerns to ensure security and order.  Id. at 540.  However,

3   imposition of punishment for violation of rules does require the procedural protections

4   described by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974).

5   Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).  These safeguards are:  (1) written

6   notice of the charges at least twenty-four hours prior to the hearing; (2) a written statement

7   by the fact-finder as to the evidence relied on and reasons for the disciplinary action; and (3)

8   a limited right to call witnesses and present documentary evidence when it would not be

9   unduly hazardous to institutional safety or correctional goals to allow the inmate to do so.

10   Wolff, 418 U.S. at 565-66.  Thus, to assert a claim for denial of due process in connection

11   with disciplinary proceedings, a plaintiff must allege the circumstances surrounding the

12   disciplinary charge, the safeguard(s) he was allegedly denied, and the punishment imposed.

13       Plaintiff fails to allege when the relevant events occurred, nor why he was held in

14   administrative segregation.  Further, he fails to allege facts to support that he was denied any

15   of the Wolff safeguards.  For all of these reasons, he fails to state a claim against Peel in

16   Count VIII and Peel and they will be dismissed.

17       **G.    Grievance Process**

18       In Count X, Plaintiff alleges that DO Colvin "made the [grievance] process

19   unavailable . . . by avoidance" and by telling Plaintiff that issues he wished to grieve were

20   not grievable.  "There is no legitimate claim of entitlement to a [jail] grievance procedure."

21   Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  But if there is an established grievance

22   procedure, the denial of access to the grievance process *may* state a constitutional violation.

23   Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated on other grounds by Shaw v.

24   Murphy, 532 U.S. 223 (2001); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.

25   1989).  The "government" to which the First Amendment guarantees a right to petition for

26   redress of grievances includes jail authorities. Hall, 64 F.3d at 1279 (citing Soranno's Gasco,

27

28       "punishment."
     Bell, 441 U.S. at 537.

1  Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)).  It does not, however, entitle a prisoner

2  to a particular resolution of a grievance.

3  To the extent that Plaintiff sought to grieve non-grievable matters, he fails to state a

4  claim because he was not denied access to an available grievance process for such matters.

5  Otherwise, Plaintiff merely conclusorily asserts that Colvin denied him access to the

6  grievance process.  Plaintiff fails to allege when, where, or how he sought to use the

7  grievance process, what he was attempting to grieve, or facts to support that Colvin denied

8  him access to grieve grievable matters.  As noted above, vague and conclusory allegations

9  are insufficient to state a constitutional violation.  Ivey, 673 F.2d at 268.  Accordingly,

10 Plaintiff fails to state a claim against Defendant Colvin in Count X and both will be

11 dismissed.

12 **V.    Leave to Amend**

13 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

14 a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

15 amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

16 Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

17 to use the court-approved form, the Court may strike the amended complaint and dismiss this

18 action without further notice to Plaintiff.

19 Plaintiff must clearly designate on the face of the document that it is the "First

20 Amended Complaint."  The first amended complaint must be retyped or rewritten in its

21 entirety on the court-approved form and may not incorporate any part of the original

22 Complaint by reference.  Plaintiff may include only one claim per count.

23 A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

24 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

25 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

26 nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

27 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d

28 565, 567 (9th Cir. 1987).

## VI.    Motion for Appointment of Counsel

As noted above, Plaintiff has filed a motion for appointment of counsel.  (Doc. 4.) Plaintiff seeks the appointment of counsel because he is indigent, the complexity of the issues, and his very limited access to a law library, and inability to find counsel who would represent him on a *pro bono* basis.

There is no constitutional right to the appointment of counsel in a civil case.  See Ivey, 673 F.2d at 269.  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  Id.  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's motion for appointment of counsel.

## VII.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

. . .

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule

83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.      Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.      Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.      Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)      The Complaint is **dismissed** for failure to state a claim. (Doc. 1.) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with

this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)    Plaintiff's motion for appointment of counsel is **denied**.  (Doc. 4.)

DATED this 16th day of July, 2013.

Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>     Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　vs.　　　　　　　　　　　　　　)　**CASE NO.** _____
　　　　　　　　　　　　　　　　　　　　　　　　　)　　　　　(To be supplied by the Clerk)
(1) _____ , )
(Full Name of Defendant)　　　　　　　　　　　　)
(2) _____ , )
　　　　　　　　　　　　　　　　　　　　　　　　　)　**CIVIL RIGHTS COMPLAINT**
(3) _____ , )　　　　　　**BY A PRISONER**
　　　　　　　　　　　　　　　　　　　　　　　　　)
(4) _____ , )　☐ Original Complaint
　　　　　　　　Defendant(s).　　　　　　　　　　)　☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )　☐ Second Amended Complaint

## A. JURISDICTION

1.　This Court has jurisdiction over this action pursuant to:

　　☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

　　☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

　　☐ Other: _____.

2.　Institution/city where violation occurred: _____.

Revised 3/9/07　　　　　　　　　　　　　　1　　　　　　　　　　　　　　**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
                     (Position and Title)                                  (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
            (Position and Title)                                 (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
            (Position and Title)                                 (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
            (Position and Title)                                 (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not.  _____
        _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                          ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                               DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.